13L 151
110 267

GEO. WOOLDRIDGE *et al. v.* A. M. BOYD.

1. WRIT OF ERROR. *Lis pendens.* A writ of error is a new suit and the *lis pendens* under it does not begin until the service of the summons or subpœna.

2. SAME. *Same. Estoppel.* S instituted an action of ejectment against N, which N enjoined; the injunction suit was dismissed on final hearing and the action of ejectment was tried, resulting in a verdict and judgment for S; writ of possession was executed, and N, by written contract, became tenant of S. A transcript of the injunction case was filed in the Supreme Court for writ of error, N being tenant as aforesaid, conveyed to W by quit-claim deed, and S, before notice of the writ of error, conveyed to B. In the Supreme Court the injunction suit was reversed and decree rendered in favor of N. Held, N was estopped from claiming the land and that W stood upon no higher ground than N.

FROM OBION.

Appeal from the Chancery Court at Union City. JOHN SOMERS, Ch.

S. A. D. STEEL for complainants.

W. H. SWIGGART for defendant.

DEADERICK, C. J., delivered the opinion of the court.

In July, 1858, Jasper Sutherland conveyed by deed duly registered to James Sutherland the tract of land in controversy.

In January, 1859, said Jasper conveyed the same parcel of land to one Jones; Jones thereafter sold to Pierce, and Pierce sold and conveyed to W. F. Wooldridge, the ancestor of complainants, and in May, 1865, Wooldridge sold and conveyed said land to one J. A. Norman.

Soon after this last sale the said James Sutherland, who held the older deed from said Jasper Sutherland, instituted an action of ejectment against Norman to recover the land. While this action of ejectment was pending Norman filed his bill in the chancery court, alleging that the deed from Jasper to James Sutherland was fraudulently obtained, and was made without consideration, and that said James had never claimed under it, and obtained an injunction restraining him from further prosecution of said action of ejectment. Upon final hearing in January, 1877, the chancellor dismissed Norman's bill, adjudging cost against him.

At February term, 1877, of the circuit court, the action of ejectment was tried, and resulted in a verdict for plaintiff. A writ of possession issued, and plaintiff, James Sutherland, was put in possession of the land; whereupon on the 5th of March, 1877, said Norman by written contract acknowledged himself the tenant of said James Sutherland, agreeing to surren-

der the · possession of said land on the first day of January thereafter.

Defendant, Boyd, as agent of James Sutherland, took this written agreement from the said Norman, and five days thereafter he bought a portion of the land of said James. On April 19, 1877, Norman, then being in possession of said land under said contract of tenancy, conveyed by a quit-claim deed the said land to said Wooldridge his vendor, and Wooldridge repaid him the purchase money.

In May, 1877, the transcript of the injunction case was filed for writ of error, and notice thereof executed on James Sutherland August 27, 1877.

In the meantime James Sutherland conveyed June 11, 1877, the balance of their land to the defendant, Boyd.

These facts appear from the bill, and it is insisted inasmuch as the decree in the injunction case was reversed upon writ of error, and a decree rendered in favor of Norman by this court therein, and that as complainant held Norman's quit-claim deed, he had a right to recover the land, the purchase having been made pending the suit, finally determined in this court upon writ of error, and that A. M. Boyd had notice of the defeasible character of the deed of Jasper to James Sutherland.

On demurrer the bill in this case was dismissed, and complainants who are the heirs-at-law of W. F. Wooldridge, appealed to this court. The Referees in an elaborate and able report of the facts and law of the case, have recommended an affirmance of the chancellor's decree, and complainants have excepted thereto.

It will be remembered that at the termination of the litigation between James Sutherland and Norman, in which the title to the land was the issue, that Norman held the title deed of Wooldridge to the land; Wooldridge having parted with his title to Norman, cannot be said to have had any interest in it.

After this litigation was ended by the judgment and decree of said courts, and by placing said James in the possession of the land, Norman by his contract in writing attorned to him, acknowledged himself the tenant of James Sutherland, and agreed to pay a nominal rent and surrender the possession on the first of January next thereafter, and he was in possession, under this contract, as tenant of said James Sutherland at the time of this execution of the quit-claim deed to Wooldridge.

Boyd knew of this attornment or acknowledgment of tenancy by Norman from himself, and soon thereafter made his first purchase. This purchase was made before the writ of error was sought, and before conveyance by Norman to Wooldridge. The second purchase was made after said conveyance, and after the filing of the transcript for writ of error, but before any notice of its having been filed was given.

. It has been frequently said by this court that in law and in fact a writ of error is a new suit. And this is peculiarly true of it in the aspect of the necessity of notice to the adverse party. No steps can be taken against him until he is notified. Until then he is not in court, nor a party to the suit. Being in this sense a new suit, the rule is

that the *lis pendens* begins from the service of the summons or subpœna: 4 Heis., 686, and cases cited.

It is therefore manifest that Boyd was not a purchaser *lis pendens,* as his purchases were made after the rendition of judgment in favor of his vendor, and before notice of a pending writ of error.

Not only were both suits finally decided, but the judgment in the ejectment case had been executed, and the defendant in that case, by becoming the tenant of his successful adversary, disclaimed, in effect, any purpose of further litigation, and led Boyd to believe that the struggle for the title had been settled. Under these facts we are of opinion that Norman was estopped to set up further claim to the land, as Boyd bought upon the faith of its abandonment, and that Wooldridge who took a quit-claim deed from Norman, while he was Sutherland's tenant, and after his title has been lost, stands upon no higher ground than Norman would occupy.

The report of Referees will be confirmed.